IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRADLEY INSLEY | : | |
| Plaintiff | : | |
| v | : | Civil Action No. WDQ-05-210 |
| JON P. GALLEY, PRISON HEALTH SERVICES, INC., and FRANK C. SIZER | : | |
| | : | |
| Defendants | : | |

. . .o0o. . .

**MEMORANDUM**

This civil rights action was filed on January 21, 2005, and alleges that plaintiff was forced to endure pain from a dental condition for approximately four months in violation of his Eighth Amendment right to be free from cruel and unusual punishment. Paper No. 1. Pending is defendants' Motion to Dismiss or for Summary Judgment, which shall be construed as a Motion for Summary Judgment. Paper No. 15. Plaintiff has filed a response in opposition to the motion, as well as a motion for appointment of counsel. Papers No. 17 and 18.

**Background**

Plaintiff alleges that on June 2, 2004, he submitted a request for dental treatment because he had a painful tooth. Paper No. 1 at p. 5. He did not receive a response to his initial request, and therefore submitted an informal complaint to the institutional medical administrator, Ms. Pearson. Paper No. 17 at Ex. 1. At that time he was informed that dental appointments were backlogged and he would need to wait approximately four weeks before he could see a dentist. *Id.* Plaintiff then took the further step of appealing the informal response to Warden Galley on July 8, 2004, explaining that he was experiencing a lot of pain and did not want to wait for medical attention. Paper No. 1 at Attachment 2. Plaintiff's administrative remedy request was

denied by Warden Galley on August 18, 2004, because "an investigation . . . revealed that [plaintiff was] scheduled for a dental appointment on 7/30/04, but [he] failed to appear." *Id*. Plaintiff was advised to submit another sick call slip requesting to be seen by the dentist. *Id*.

On August 24, 2004, plaintiff filed an appeal of the warden's denial to Commissioner of Correction Sizer. Paper No. 1 at p. 5. In a response dated December 22, 2004, plaintiff's appeal was found meritorious. Paper No. 17 at Ex. 6. Specifically, the Commissioner found that:

> Your appeal has been reviewed and is hereby meritorious. The fact that you did not appear for a dental appointment scheduled on July 30, 2004 has no bearing on the ARP complaint of having submitted a request for services in late May 2004 and not being seen as of the filing of your complaint on July 8, 2004. You may or may not actually have an abscess as you claim. However, it has been four months since you submitted your original request for dental services and you still have not been seen. You were on the dental pass list for 10/1/04 but were out to Court and so not present on 9/30/04 to read the pass list or come to the appointment as scheduled. The WCI dentist is directed to evaluate you immediately to determine what dental service you require and, if care is needed, to provide it.

*Id*. While the Commissioner's response was pending, plaintiff continued his efforts to obtain a dental appointment. Paper No. at p. 5. In late September 2004, plaintiff's teeth were x-rayed, revealing an abscessed tooth. *Id*. He was prescribed antibiotics and pain relievers. *Id*. On October 23, 2004, plaintiff's abscessed teeth were finally removed, but it was noted that the infection was still present. Finally, on December 23, 2004, plaintiff had two wisdom teeth, which he describes as badly damaged, removed surgically. *Id*.

Defendants[1] assert that dental appointments were scheduled for plaintiff in response to

---

[1] Though the complaint also names Prison Health Services as a defendant, the only defendants served with the complaint were Commissioner Sizer and Warden Galley.

his requests to receive dental care, but that he did not show up for his appointments. Paper No. 15 at p. 2 and Ex. 1. Defendants claim that plaintiff's May 29, 2004, request for dental care resulted in a dental appointment being scheduled for July 30, 2004. *Id*. They further allege that plaintiff's August 3, 2004, request for dental care was again met with a scheduled appointment for October 1, 2004, but he did not come to that appointment either. *Id*. Plaintiff was able to come to the third dental appointment scheduled for October 9, 2004. *Id*. Defendants point out that plaintiff was also provided with dental care on October 23, 2004, November 29, 2004, and January 24, 2005. *Id*.

Defendants claim that plaintiff's failure to come to the medical unit for his appointments caused the delay in his treatment. They explain that inmates at WCI are charged with the responsibility to check the medical pass list posted in their housing units on a daily basis and, if their name appears on the list, go to medical unit to receive the care requested. Paper No. 15 at Ex. 1, p. 2. Though defendants submit as an exhibit, the sick call request slip noting plaintiff's failure to appear at his appointment, they have submitted no copies of the pass lists allegedly posted on plaintiff's tier. *Id*. at Ex. 2, pp. 4–5. In addition, defendants assert that they were not deliberately indifferent to plaintiff's medical needs, having provided him with opportunities to receive the care requested. Defendants also assert that the allegations raised in the complaint seek to impose supervisory liability which is unavailable in an action filed under 42 U.S.C. § 1983. To the extent that plaintiff asserts that the administrative remedy procedure was ineffective in this case, defendants assert that he has no constitutional right to access to an administrative remedy procedure.

**Standard of Review**

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate.  *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950).  The moving party bears the burden of showing that there is no genuine issue of material fact.  Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. *Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998).  A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial."  *Celotex*, 477 U.S. at 323.  Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence.  *Anderson*, 477 U.S. at 256.

In *Celotex*, the Supreme Court stated:

> In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions

> on file." Such a motion, whether or not accompanied by affidavits, will be "made and supported as provided in this rule," and Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

*Celotex*, 477 U.S. at 324. However, "'a mere scintilla of evidence is not enough to create a fact issue.'" *Barwick v. Celotex Corp.*, 736 F.2d 946, 958-59 (4th Cir. 1984) (quoting *Seago v. North Carolina Theatres, Inc.*, 42 F.R.D. 627, 632 (E.D.N.C. 1966), *aff'd*, 388 F.2d 987 (4th Cir. 1967)). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

**Analysis**

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment." *De'Lonta v. Angelone*, 330 F. 3d 630, 633 (4th Cir. 2003) *citing Wilson v. Seiter*, 501 U.S.294, 297 (1991). In order to state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants or their failure to act amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Objectively, the medical condition at issue must be serious. *See Hudson v.*

*McMillian,* 503 U.S. 1, 9 (1992) (there is no expectation that prisoners will be provided with unqualified access to health care).   Proof of an objectively serious medical condition, however, does not end the inquiry.

The subjective component requires "subjective recklessness" in the face of the serious medical condition.  *Farmer*, 511 U.S. at 839– 40.  "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk."  *Rich v. Bruce*, 129 F. 3d 336, 340 n. 2 (4th Cir. 1997).   "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'"  *Brice v. Virgiinia Beach Correctional Center*, 58 F. 3d 101, 105 (4th Cir. 1995) *quoting Farmer* 511 U.S. at 844.   If the requisite subjective knowledge is established, an official may avoid liability  "if [he] responded reasonably to the risk, even if the harm was not ultimately averted. *Farmer*, 511 U.S. at 844.  Reasonableness of the actions taken must be judged in light of the risk the defendant actually knew at the time.  *Brown* 240 F. 3d at 390; *citing Liebe v. Norton*, 157 F. 3d 574, 577 (8th Cir. 1998) (focus must be on precautions actually taken in light of suicide risk, not those that could have been taken).

> Section 1983 liability on the part of the supervisory defendants requires a showing that:  (1) the supervisory defendants failed promptly to provide an inmate with needed medical care, (2) that the supervisory defendants deliberately interfered with the prison doctors' performance, or (3) that the supervisory defendants tacitly authorized or were indifferent to the prison physicians' constitutional violations.

*Miltier v. Beorn*, 896 F. 2d at 854 (internal citations omitted); *see also Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir.1984) (supervisory liability for an inmate's beating by prison guards).  In

6

the instant case, plaintiff clearly described his painful condition in each of administrative remedy procedure requests filed. The condition at issue here, an abscessed tooth, is one commonly understood by most laymen to be very painful.  Warden Galley's dismissal of plaintiff's complaint based on his failure to show up for an appointment, which was scheduled two months after his first request, was not responsive to the issue that plaintiff was suffering pain unnecessarily.

      Based on the evidence submitted by the parties, this Court finds that there is a genuine dispute of material fact regarding the extent of defendants' knowledge about plaintiff's condition and the extent of their abilities to remedy the situation.  Accordingly, the motion for summary judgment will be denied.  Plaintiff's motion for appointment of counsel will be granted.  Upon appointment of counsel on plaintiff's behalf, counsel will be permitted in the interests of judicial economy to amend the complaint to include other defendants who were directly involved in the failure to provide plaintiff with proper dental care.

      A separate order follows.


<u>August 30, 2005</u>　　　　　　　　　　　　　_____/s/_____  
Date　　　　　　　　　　　　　　　　　　　William D. Quarles, Jr.  
　　　　　　　　　　　　　　　　　　　　　United States District Judge