```
            IN THE UNITED STATES DISTRICT COURT FOR
          THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                              *
BRADLEY WILLIS INSLEY,
                              *
     Plaintiff,
                              *
v.
                              *       CIVIL NO.: WDQ-05-210
PRISON HEALTH SERVICES, INC.,
     et al.                   *

     Defendant.               *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

Memorandum Opinion

Bradley Insley has sued Frank Sizer, Commissioner of Correction for the Maryland Division of Corrections, Jon Galley, Warden of the Western Correctional Institution, Prison Health Services, Incorporated ("PHS"), and Kathryn Humbertson, Health Services Administrator for the Western Correctional Institution, for violations of his Eighth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983.  Pending is PHS and Humbertson's (collectively the "Defendants") motion to dismiss.  For the following reasons, the motion will be denied.

I.  Background

Insley, a prisoner in the custody of the Maryland Division of Correction ("DOC"), is currently incarcerated at the Western Correctional Institution ("WCI") in Cumberland, Maryland.  Am. Compl., ¶ 4.  PHS is a private corporation that has been

1

contracted by the DOC to provide health care services to prisoners at WCI. *Id* at ¶ 7. According to Insley, Kathryn Humbertson is PHS's Health Services Administrator at WCI. *Id* at ¶ 8.

Insley alleges that from May to October, 2004, his repeated requests for treatment of abscessed teeth was denied by medical personnel at WCI. *Id* at ¶¶ 11-23. Insley contends that as a result of this delay he was forced to suffer in extreme pain and ultimately lost five teeth. *Id* at ¶ 27.

II. Analysis

Defendants have moved to dismiss the Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants argue that Insley's claims are predicated on a theory of *respondeat superior* liability and that such claims cannot be brought under § 1983.[1] Insley argues in response that: 1) Humbertson was directly responsible for the failure of PHS to provide him treatment; and 2) PHS was responsible for establishing policies and practices that caused his injury.

---

[1] PHS and Humbertson have argued in their reply brief that Humbertson was not employed by PHS during the time Insley alleges he was denied treatment. However, as it is well settled in this circuit that new arguments cannot be raised for the first time in reply briefs, this argument will not considered. *United States v. Prince,* 187 F.3d 632, slip op. (4th Cir. 1999); *Hunt v. Nuth,* 57 F.3d 1327 (4th Cir. 1995).

2

Under Rule 12(b)(6), a claim should be dismissed "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002), (*citing Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). All facts alleged in the complaint are assumed to be true and the Court will draw all reasonable inferences in favor of the plaintiff. *Volvo Construction Equipment North America v. CLN Equipment Company*, 386 F.3d 581, 591 (4th Cir. 2004); *Elkins,* 278 F.3d at 406; *Motise,* 2005 WL 1667658.

A.  Humbertson's Liability

The doctrine of *respondeat superior* is not a basis for liability under § 1983. *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658 (1978); *Spell v. McDaniel,* 824 F.2d 1380 (4th Cir. 1987) *cert denied sub nom., Fayetteville v. Spell,* 484 U.S. 1027 (1988); *Vinnedge v. Gibbs*, 550 F.2d 926 (4th Cir. 1977); *Jones v. Ziegler,* 894 F.Supp. 880 (D.Md. 1995). "[L]iability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." *Vinnedge*, 550 F.2d at 928.

Insley alleges in paragraph 27 of the Amended Complaint that "the PHS and DOC Defendants" ignored his repeated requests for

3

dental care and failed to identify and treat his potentially life-threatening condition. As Humbertson is alleged to have been a PHS employee at the time, and drawing all inferences in favor of the Plaintiff, Insley has alleged that Humbertson personally contributed to his injuries. Accordingly, Defendants' motion to dismiss the complaint as to Humbertson will be denied.

B.  PHS's Liability

Although Defendants contend that Insley's claims against PHS are also predicated on a theory of *respondeat superior,* Insley argues that PHS can be held liable under § 1983 because it was a policy or practice of PHS that led to his injury.

A private corporation that provides medical services to a prison can be considered a state actor and face liability under § 1983 for violations of a prisoner's constitutional rights if official corporate policy and practice caused the violation. *Williams v. Prison Health Services, Inc.,* 2006 WL 133241, slip op. (7th cir. 2006); *Woodward v. Correctional Medical Services of Illinois, Inc.,* 368 F.3d 917 (7th Cir. 2004); *Starcher v. Correctional Medical Services of Illinois, Inc.,* 7 Fed.Appx. 459, slip op. (6th Cir. 2001); *Ferrell v. NCDOC,* 2001 WL 34013609 (E.D.N.C. 2001).

Although Insley does not explicitly allege that it was a policy or practice of PHS that caused his injuries, it is evident

4

from the complaint that Insley followed the procedures used by PHS to screen and treat inmates, yet had to wait more than four months to receive care.  These allegations lead to the plausible inference that it was a policy or practice of PHS that caused his injuries and, therefore, violated his Constitutional rights.  As Insley has made a cognizable claim under § 1983, Defendants' motion to dismiss the Amended Complaint as to PHS will be denied.

III.  Conclusion

    For the reasons stated above, Defendants' motion to dismiss the Amended Complaint for failure to state a claim under Rule 12(b)(6) will be denied.


February 2, 2006                                     /s/
Date                                                   William D. Quarles, Jr.
                                                      United States District Judge