```
             IN THE UNITED STATES DISTRICT COURT FOR
           THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                *
BRADLEY WILLIS INSLEY,
                                *
     Plaintiff,
                                *
v.
                                *        CIVIL NO.: WDQ-05-210
PRISON HEALTH SERVICES, INC.,
     et al.                     *

     Defendant.                 *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

Memorandum Opinion

Bradley Insley has sued Frank Sizer, Commissioner of Correction for the Maryland Division of Corrections, Jon Galley, Warden of the Western Correctional Institution, Prison Health Services, Incorporated ("PHS"), and Kathryn Humbertson, Health Services Administrator for the Western Correctional Institution, for violations of his Eighth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983.  Pending is Humbertson's motion for summary judgment.  For the following reasons, the motion will be denied.

I.   Background

Insley, a prisoner in the custody of the Maryland Division of Correction ("DOC"), is currently incarcerated at the Western Correctional Institution ("WCI") in Cumberland, Maryland.  Am. Compl., ¶ 4.  PHS is a private corporation that has been

contracted by the DOC to provide health care services to prisoners at WCI.  *Id* at ¶ 7.  According to Insley, Kathryn Humbertson is PHS's Health Services Administrator at WCI.  *Id* at ¶ 8.

Insley alleges that from May, 2004 to January, 2005, his repeated requests for treatment of abscessed teeth were denied or delayed by medical personnel at WCI.  *Id* at ¶¶ 11-23.  Insley contends that as a result of this delay he was forced to suffer in extreme pain and ultimately lost five teeth.  *Id* at ¶ 27.

Humbertson has moved for summary judgment arguing that she: 1) was not hired by PHS until November 8, 2004; 2) was hired as the Director of Nursing, not Health Services Administrator; 3) was not responsible for reviewing or prioritizing requests for dental care; and 4) had no knowledge of Insley's dental care.  Insley opposes the motion pursuant to Rule 56(f) arguing that he has not had the opportunity to discover information essential to his opposition.

II. Analysis

Under Rule 56(c), summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury

could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In considering a motion for summary judgment, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Id* at 249.  Thus, "the judge must ask . . . whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented."  *Id.* at 252.

The court must view the facts and reasonable inferences drawn therefrom "in the light most favorable to the party opposing the motion."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  However, the opposing party must produce evidence upon which a reasonable fact finder could rely.  *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986).  The mere existence of a "scintilla" of evidence is insufficient to preclude summary judgment.  *Anderson*, 477 U.S. at 252.

According to Rule 56(f), the Court may refuse to grant summary judgment or order a continuance if the "party opposing the motion...cannot, for reasons stated, present by affidavit facts essential to justify the party's opposition."  Federal Rule of Civil Procedure 56(f).  In opposing a motion for summary judgment under Rule 56(f), a party may not simply assert that discovery is necessary, but must provide an affidavit describing the need for discovery.  *Nguyen v. CNA Corp.*, 44 F.3d 234, 242

3

(4th Cir. 1995).

Discovery in this case began February 2, 2006. Insley's counsel has submitted an affidavit arguing that discovery is needed to determine whether Humbertson, as Director of Nursing: 1) was charged with prioritizing or screening inmate requests; 2) had any knowledge of Insley's grievances; 3) was responsible for the delay in sending Insley to an oral surgeon after the prison dentist's recommendation.

After submitting repeated requests for dental care, Insley was seen by a dentist on October 9, 2004, and referred to an oral surgeon. Complaint, ¶ 21. On October 23, 2004 a dentist extracted two teeth and again referred Insley to a surgeon. *Id* at ¶ 22. A surgeon removed two teeth of Insley's teeth on November 29, 2004 and another tooth on January 24, 2005. *Id* at 23-24. As Humbertson was hired in November, 2004, and Insley's dental care did not conclude until January, 2005, it is possible that Humbertson, as Director of Nursing, played some role in Insley's injury. As discovery recently began and Insley has set forth specific discovery needs, Humbertson's motion for summary judgment is premature. Accordingly, Humbertson's motion for summary judgment will be denied.

<u>April 5, 2006</u>                                          <u>        /s/            </u>
Date                                                William D. Quarles, Jr.
                                                    United States District Judge

4